T.C. Memo. 2005-134

UNITED STATES TAX COURT

JOHN JOSEPH VAX AND NATALIE VAX, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5393-03.                    Filed June 7, 2005.

John Joseph Vax and Natalie Vax, pro sese.

<u>Steven M. Webster</u> and <u>Blake W. Ferguson</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  Respondent determined a deficiency in
petitioners' 2000 Federal income tax and an addition to tax as
follows:

|  | Addition to Tax Under |
| Deficiency | Sec. 6651(a)(1) |
| $2,136 | $427 |

All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All references to petitioner in the singular are to petitioner John Joseph Vax.

The issue for decision is whether respondent's calculation of petitioners' alternative minimum tax (AMT) liability for 2000 would violate a treaty between the United States and the Czech Republic.

Background

The facts of this case were submitted fully stipulated under Rule 122 and are so found.

Petitioner is a citizen of the United States, and petitioner Natalie Vax is a citizen of the Czech Republic.

During 2000 and at the time the petition was filed, petitioners resided and worked in the Czech Republic.

During 2000, petitioner earned US$199,974 from his employment with a Czech bank, on which income petitioner paid US$62,738 in income tax to the Czech Republic.

On October 15, 2001, petitioners untimely filed their 2000 joint U.S. Federal income tax return, which was dated June 1, 2001.  On their 2000 tax return, petitioners reported the $199,974 petitioner received from the Czech bank, and petitioners claimed a $70,809 foreign earned income exclusion, a $2,000 IRA deduction, a $7,350 standard deduction for married individuals

filing a joint return, and $5,600 in personal exemptions, and on which tax return petitioners reported $114,215 in taxable income and a tax liability of $26,871.

Also, on petitioners' 2000 joint Federal income tax return, the $62,738 in income taxes that petitioners in 2000 paid to the Czech Republic was claimed as a foreign tax credit that fully offset petitioners' reported $26,871 U.S. Federal income tax liability, reducing petitioners' $26,871 postcredit U.S. income tax liability to zero.

On their joint U.S. Federal income tax return for 2000, petitioners did not calculate, nor report, any AMT liability.

In a notice of deficiency issued on November 15, 2002, respondent determined that petitioners, for 2000, were subject to an AMT liability in the amount of $2,136 with respect to petitioners' 2000 taxable income and that petitioners were liable for an addition to tax under section 6651(a)(1) for failure to timely file their 2000 Federal income tax return.

Discussion

Under section 6012, taxpayers, including nonresident U.S. citizens, are required to file U.S. Federal income tax returns and to report and calculate their regular Federal income tax based on their worldwide income. See sec. 6012(a), (c); sec. 1.6012-1(a)(1)(i), Income Tax Regs.

Under sections 27(a) and 901, taxpayers may then reduce their reported regular Federal income tax liability so calculated by the amount of their foreign tax credits.

In addition to taxpayers' regular Federal income tax liability after reduction for foreign tax credits, certain taxpayers also may be liable for the AMT under section 55(a). The AMT equals the excess of taxpayers' so-called tentative minimum tax liability (TMT) over their regular Federal income tax liability (after reduction of the latter tax liability for foreign tax credits).  Sec. 55(a), (c)(1).

Significantly, in the calculation of the TMT, sections 55(b)(1)(A) and 59(a)(2)(A) limit taxpayers' available foreign tax credits to no more than 90 percent of the taxpayers' pre-credit TMT (referred to as the "AMT foreign tax credit").[1]

Petitioners acknowledge that, but for the tax treaty between the United States and the Czech Republic, the above AMT foreign tax credit limitation available to reduce petitioners' TMT would be controlling.  Petitioners argue, however, that any such 90-

_____

[1]  Sec. 59 was added to the Internal Revenue Code by the Tax Reform Act of 1986, Pub. L. 99-514, sec. 701(a), 100 Stat. 2336, and sec. 59(a)(2) was deleted from the Internal Revenue Code by the American Jobs Creation Act of 2004, Pub. L. 108-357, sec. 421(a)(1), 118 Stat. 1514, applicable to tax years beginning after Dec. 31, 2004.  Beginning for 2005, the 90-percent limitation on taxpayers' AMT foreign tax credit will no longer apply, and taxpayers will calculate their AMT foreign tax credit in substantially the same manner as their regular foreign tax credit.

percent limitation on the availability of their AMT foreign tax credit would constitute a violation of the above treaty.

The tax treaty between the United States and the Czech Republic, 1993 Income and Capital Tax Convention, Sept. 16, 1993, U.S.-Czech Republic, Tax Treaties (CCH) par. 2403, addresses the manner in which citizens of the United States may avoid the imposition of double taxation with respect to income taxable by both Countries. The treaty states in relevant part:

Article 24--Relief From Double Taxation

1. In accordance with the provisions and subject to the limitations of the law of the United States (as it may be amended from time to time without changing the general principle hereof), the United States shall allow to a resident or citizen of the United States as a credit against the United States tax on income the income tax paid to the Czech Republic by or on behalf of such resident or citizen. [Emphasis added.]

Respondent concedes that application of the above section 59(a)(2)(A) 90-percent limitation on petitioners' AMT foreign tax credit will result in "some double taxation." Respondent contends, however, that the 90-percent limitation on the AMT foreign tax credit is proper and does not violate Article 24(1) of the U.S.-Czech treaty.

The AMT under section 55 applies generally to all taxpayers, and in this case, as a result of the 90-percent limitation on the AMT foreign tax credit under section 59(a)(2)(A), the calculation of petitioners' TMT exceeds petitioners' regular tax by $2,136,

resulting in petitioners' AMT liability in that amount.  Unless application of the AMT-foreign-tax-credit limitation of section 59(a)(2)(A) would violate the U.S.-Czech treaty, petitioners are liable for the $2,136 AMT.

In cases involving other treaties with operative language similar to the language of the U.S.-Czech treaty involved herein, courts have held that the section 59(a)(2)(A) AMT-foreign-tax-credit limitation does not violate general treaty provisions intended to avoid double taxation.  More specifically, courts have interpreted the same general treaty language at issue herein (namely, "In accordance with the provisions and subject to the limitations of the law of the United States") to allow application of the section 59(a)(2)(A) AMT-foreign-tax-credit limitation.  See Kappus v. Commissioner, 337 F.3d 1053, 1054 (D.C. Cir. 2003) (relating to U.S.-Canada treaty), affg. T.C. Memo. 2002-36; Pekar v. Commissioner, 113 T.C. 158, 160 (1999) (relating to U.S.-Germany treaty); Brooke v. Commissioner, T.C. Memo. 2000-194, affd. per curiam 13 Fed. Appx. 7 (D.C. Cir. 2001).

Interpreting the same language in the context of article 23(1) in the U.S.-Germany treaty,[2] in Pekar v. Commissioner, supra at 163, we upheld the AMT-foreign-tax-credit limitation of

_____

[2]  Convention for the Avoidance of Double Taxation, Aug. 28, 1989, U.S.-Germany, 30 ILM 1778, 1779.

section 59(a)(2)(A), explaining that "there is harmony between the U.S.-Germany treaty and section 59 because section 59 was enacted 5 years before the U.S.-Germany treaty became effective and, therefore, was one of the existing laws recognized as a limitation on the U.S.-Germany treaty in article 23(1)."

The section 59(a)(2)(A) AMT-foreign-tax-credit limitation is a "limitation of the law of the United States" that was in effect at the time the U.S.-Czech treaty was signed in 1993.

On the basis of the above holdings, we conclude that the section 59(a)(2)(A) AMT-foreign-tax-credit limitation does not violate the U.S.-Czech Republic treaty involved herein.

By establishing the late filing of petitioners' 2000 joint Federal income tax return, respondent has met his burden of production under section 7491(c) with respect to the section 6651(a)(1) late filing addition to tax.

Petitioners have failed to provide any reason for the late filing of their 2000 joint Federal income tax return. The return was due on April 15, 2001; petitioners failed to request an extension of time to file their return; and petitioners' return was not filed with respondent until October 15, 2001.

In light of these facts, petitioners are liable for the section 6651(a)(1) addition to tax for failure to timely file their 2000 joint Federal income tax return.

To reflect the foregoing,

Decision will be entered

for respondent.